**Dennis S. SULLIVAN, Appellant**

v.

**Judge Richard LINEBAUGH; Judge James Miner; Lori Yost; Michelle L. Sommer; Nathanael D. Behrendt; Corey L. Merwede.**

No. 09–1862.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Oct. 19, 2009.

Opinion filed: Jan. 28, 2010.

Dennis S. Sullivan, Hanover, PA, pro se.

Michael W. Flannelly, Esq., York, PA, John G. Dean, Esq., Joseph J. Joyce, III, Esq., Shanna W. Williamson, Esq., Elliott Greenleaf & Dean, Scranton, PA, John G. Knorr, III, Esq., Office of Attorney General of Pennsylvania Department of Justice, Harrisburg, PA, for Judge Richard Linebaugh, Judge James Miner, Lori Yost, Michelle L. Sommer, Nathanael D. Behrendt, Corey L. Merwede.

Before: BARRY, AMBRO and ROTH, Circuit Judges.

## OPINION

PER CURIAM.

Dennis S. Sullivan appeals an order of the United States District Court for the Middle District of Pennsylvania granting motions to dismiss filed by two York County Assistant District Attorneys ("ADA") and two Penn Township police officers, and dismissing claims brought against two state court judges. We will affirm.

On August 27, 2004, Sullivan was stopped in his vehicle by Penn Township Police Officer Merwede, who charged Sullivan with driving while under suspension, driving an unregistered vehicle, operating a vehicle without a valid inspection, and driving a vehicle without the required proof of financial responsibility. The next day, Sullivan was stopped by Penn Township Police Officer Behrendt and charged with the same violations. District Justice Miner found Sullivan guilty on all charges. Sullivan appealed to the Court of Common Pleas of York County, where he filed a "Sworn Motion to Dismiss on Undisputed Facts of Want of Subject Matter Jurisdiction" ("Motion to Dismiss"). Apparently, the Motion to Dismiss was based on Sullivan's belief that the "Pennsylvania legislature has no authority to ... authorize arrest and imprisonment for violation[s] of ... administrative law." Assistant District Attorneys Yost and Sommer were assigned to the case. Judge Linebaugh held a de novo hearing, denied Sullivan's Motion to Dismiss, and found him guilty of the traffic offenses. Sullivan unsuccessfully appealed to the Pennsylvania Superior Court.

Sullivan next filed suit in state court seeking damages from Judges Linebaugh and Miner, ADAs Yost and Sommer, and Officers Merwede and Behrendt. According to Sullivan, the defendants committed "misconduct in office and obstruction of justice" by acting without subject matter jurisdiction in the traffic offense proceedings. The Court of Common Pleas sustained the defendants' preliminary objections and dismissed the complaint. The Commonwealth Court of Pennsylvania affirmed, holding that the judges, ADAs, and police officers were protected by immunity. The Pennsylvania Supreme Court denied Sullivan's petition for allowance of appeal.

In April 2008, Sullivan filed a complaint in the United States District Court for the Middle District of Pennsylvania against the same six defendants, alleging that his state "Civil Tort was dismissed ... having never answered matter of want of Subject-matter-jurisdiction." Sullivan claimed that because that case "proceeded without jurisdiction and therefore without authority" the defendants should be "required to answer ... for the civil tort." The ADAs and police officers filed motions to dismiss. The matter was referred to a Magistrate Judge, who concluded that Sullivan's claims were barred by the *Rooker–Feldman* doctrine and *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). The District Court adopted the Report and Recommendation, granted the motions to dismiss, and dismissed the judges from the case. Sullivan appealed.[1]

The *Rooker–Feldman* doctrine divests federal courts of jurisdiction "if the relief requested effectively would reverse a state court decision or void its ruling." *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d

---

1. We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's decision. *See Phillips v. County of Allegheny*, 515 F.3d 224, 230 (3d Cir.2008); *Whiteford v. Reed*, 155 F.3d 671, 672 (3d Cir.1998) ("Application of the *Rooker–Feldman* doctrine is a question of federal subject matter jurisdiction over which we exercise plenary review.").

181, 192 (3d Cir.2006) (internal citations omitted). The doctrine occupies "narrow ground." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). It applies only where "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Id.* at 291, 125 S.Ct. 1517.

Sullivan filed a Motion to Dismiss in the traffic offense proceedings, challenging the state courts' exercise of jurisdiction. The Court of Common Pleas denied that motion, and Sullivan unsuccessfully appealed to the Superior Court. He next attempted to challenge the state court's exercise of subject matter jurisdiction by filing a civil suit in state court. That claim was rejected by the Court of Common Pleas, the Commonwealth Court, and the Pennsylvania Supreme Court. Sullivan continues to challenge the state courts' determinations concerning jurisdiction in the traffic offense proceedings. Ordering the relief he seeks, however, would require the District Court to effectively determine that the state courts' jurisdictional determinations were improper. Therefore, Sullivan's claims are barred by the *Rooker–Feldman* doctrine. To the extent Sullivan was not "appealing" to the District Court, but instead was attempting to relitigate issues previously determined by the Pennsylvania courts, review is barred by res judicata. *See Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 310 (3d Cir.2009) (describing conditions in Pennsylvania under which collateral estoppel will bar a subsequent claim).

**2.** Sullivan's "Motion requesting that admissions and interrogatories and answers or lack thereof be allowed as evidence in brief" and

For these reasons, we will affirm the judgment of the District Court.[2]

his "Motion Requesting a Hearing of Oral Argument" are denied.